**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARASH KESHAVARZ,<br><br>                          Petitioner,<br><br>          v.<br><br>JAMES JANECKA, et al.,<br><br>                          Respondents. | Case No. 5:26-cv-01318-MRA-DSR<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Arash Keshavarz, a noncitizen who was released on parole by Immigration and Customs Enforcement ("ICE") on March 7, 2024, then re-detained by ICE on September 8, 2025 during a check-in appointment. On March 30, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 9. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 9. The TRO required Respondents James Janecka, Warden of the Adelanto Detention Facility; David Marin, Field Office Director of the ICE Los Angeles Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security; and Pamela Bondi, former United States Attorney General (collectively, "Respondents" or the "government") to immediately

-1-

release Petitioner and enjoined Respondents from re-detaining Petitioner absent compliance with legal protections to which Petitioner may be entitled based on the status of his removal proceedings. *Id.* at 6. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their response on April 6, 2026, arguing that the preliminary injunction should be denied and the Petition should be dismissed as moot because Petitioner was released on March 31, 2026. ECF 10. Petitioner filed a reply that same day, arguing that a preliminary injunction should issue to preserve the status quo pending the adjudication of the Petition given that Petitioner continues to face the risk of unlawful re-detention. ECF 11.

## II.   DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner is entitled to preliminary relief. ECF 9; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause does not present any new arguments or facts not previously addressed in the TRO filings. Instead, the government argues that the Petition is moot because Petitioner was released as ordered by the Court. ECF 10 at 2. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL

434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with legal protections to which Petitioner may be entitled based on the status of his removal proceedings; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: April 8, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

-3-